NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBERT APONTE,<br><br>Plaintiff,<br><br>v.<br><br>LOPEZ, CARTEGNA, *et al*,<br><br>Defendants. | Civil Action No.: 11-5762 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of an Order issued by the Court of Appeals on May 6, 2016, in response to Plaintiff's untimely appeal of this Court's order dismissing his case. (ECF No. 6). Plaintiff initiated this action by way of a Complaint filed on October 4, 2011. (ECF No. 1). On December 18, 2012, this Court dismissed the above-captioned matter without prejudice on account of Plaintiff's failure to effect proper service on Defendants Lopez and Cartegna. (ECF No. 11). Thereafter, Plaintiff filed two letters with the Court, dated December 26, 2012 (ECF No. 12) and January 30, 2013 (ECF No. 13). On January 4, 2016, Plaintiff filed a notice of appeal as to the Court's order dismissing his case. (ECF No. 14).

On May 6, 2016, the Third Circuit entered an order in response to Plaintiff's appeal. (ECF No. 17). The Circuit noted that pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), which sets forth the timeline by which a party to a civil action must appeal an order or judgment of the District Court, Plaintiff's January 4, 2016 notice of appeal was untimely. However, the Circuit construed Plaintiff's January 30, 2013 letter to this Court as a motion seeking either to extend or

reopen the time to file an appeal. Accordingly, the Circuit directed the undersigned to "consider whether to grant relief under Rule 4(a)(5) or Rule 4(a)(6).[1]

Federal Rule of Appellate Procedure 4(a)(6) identifies the requirements that must be met for a Court to reopen the time period during which a party may file an appeal. Specifically, that Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Construing Plaintiff's January 30, 2013 letter under Rule 4(a)(6), the Court will grant Plaintiff's request to reopen the time period by which he must file a notice of appeal. First, the Court finds that Plaintiff did not receive notice of this Court's order of dismissal within 21 days after the entry of that Order. *See id.* Specifically, the Court credits Plaintiff's representation in his December 26, 2012 letter that, likely on account of Superstorm Sandy, "[s]ince October, 2012 no correspondence has been received by [Plaintiff]." (ECF No. 12).

Second, the Court notes that Plaintiff's January 30, 2013 letter was filed well within 180 days after the December 18, 2012 Order of Dismissal, in accordance with the second prong of Rule

---

[1] As the Court finds that relief may be granted under Rule 4(a)(6), it need not consider whether relief may also be granted under Rule 4(a)(5).

4(a)(6). Lastly, the Court finds that no party would have been prejudiced by the Court's having granted Plaintiff's January 30th request to reopen the time to file an appeal. Accordingly,

IT IS on this __25__ day of May, 2016

**ORDERED** that Plaintiff's request to reopen the time to file an appeal of this Court's December 18, 2012 Order of Dismissal (ECF No. 13) is hereby GRANTED; and it is further

**ORDERED** that, pursuant to Federal Rule of Appellate Procedure 4(a)(6), Plaintiff shall have 14 days from the date of entry of this Order to file a renewed notice of appeal in this Court.

IT IS SO ORDERED.

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE